**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT 25  P 2: 38

CLERK _____
_____ ST. OF GA.

ANDRE MAYS,                                          :

           Petitioner,                        :

                             :

        vs.                                        :                      CIVIL ACTION NO.: CV205-085

                             :

JESUP GEORGIA RECORDS             :
DEPARTMENT, and JOSE
VAZQUEZ, Warden, FCI, Jesup,        :

                             :

           Respondents.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Andre Mays a/k/a Abdul Wilson ("Mays"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondents have filed a Response. For the reasons which follow, Mays' petition should be **DENIED**.

### STATEMENT OF THE CASE

Mays was sentenced on October 19, 1994, to 20 months' imprisonment in the Northern District of Georgia (Case Number 1:94-CR-23-02-ODE). Mays completed this sentence on June 2, 1995. (Resp., p. 5.) On June 28, 1995, Mays was sentenced to 364 months' imprisonment in the Middle District of Florida for conspiracy to distribute cocaine, in violation of 21 U.S.C.A. § 846 (Case Number 3:93-cr-80-HLA). Mays received credit against his second sentence for time he spent incarcerated between June 3 and June 28, 1995. (Resp., pp. 5-6.) In 2003, the Middle District of Florida ordered that Mays' sentences were to run concurrently.

AO 72A
(Rev. 8/82)

In the instant petition, Mays contends that his sentence for his 1995 conviction should be 30 years, 4 months, rather than the 32 years' imprisonment[1] the Bureau of Prisons ("BOP") has calculated it to be. Mays seeks to have his projected release date (currently November 5, 2021) corrected and to have the time served on his 1994 sentence credited toward his 1995 sentence.

Respondents assert that Mays' sentence computation is controlled by Program Statement 5880.28. Respondents allege that Mays' seeming contention that he should receive credit for his current sentence beginning on December 19, 1993, is without merit because this sentence did not exist in December 1993. Respondents aver that, even though a Middle District of Florida District Judge ordered that Mays' sentences run concurrently, there was no sentence in existence at the time Mays was sentenced in Case Number 3:93-cr-80-HLA, and thus, there was no sentence with which to run concurrently.

## DISCUSSION AND CITATION

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. 18 U.S.C.A. § 3621; United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed.2d 593 (1992). Program Statement ("P.S.") 5880.28 "transmits the 'Sentence Computation Manual' which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code." P.S. 5880.28, ¶ 1. This P.S. provides that 18 U.S.C.A. § 3585(a) establishes the rule for the commencement of a sentence. It also provides that 18 U.S.C.A. § 3585(b), which deals

---

[1] The credit of one year and eight months Mays seeks reflects the amount of time Mays was incarcerated as a result of his 20 month sentence, minus credit for good conduct time. (Resp'ts' Ex. 1, p. 6.)

AO 72A
(Rev. 8/82)

with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act. P.S. 5880.28, p. 1-14. These statutes provide:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C.A. § 3585 (Emphasis added). In determining the proper credit, a two part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); see also, P. S. 5880.28, p. 1-13 (stating that a federal sentence of imprisonment cannot commence earlier that the date on which it is imposed). Here, Mays' current sentence for conspiracy to distribute cocaine began on June 25, 1995, the date he was sentenced. Next, it must be determined what credit is due for time served prior to the commencement of that sentence.

The court must begin with the plain language of the statute itself. See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a

3

statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence. The period of credit that Mays is currently seeking was credited against his federal sentence which began on October 19, 1994, and was completed on June 2, 1995. If Mays were also credited with this time against his current federal sentence, this would amount to a "double credit."

Mays was sentenced to 20 months' imprisonment in Case Number 1:94-CR-23-02-ODE on October 19, 1994. He was credited with the time he was incarcerated prior to sentencing in that case, from December 19, 1993, until October 18, 1994. (Resp., p. 5, Resp'ts' Ex. 1, p. 6.) Mays' 20 month sentence was completed on June 2, 1995. Mays was then sentenced to 364 months' imprisonment in Case Number 3:93-cr-80-HLA on June 28, 1995. Mays remained incarcerated after the completion of his 20 month sentence on June 2, 1995, and he received credit against his 364 month sentence for the period from June 3 until June 27, 1995. (Resp'ts' Ex. 1, p. 4.) Mays already received credit against his first federal sentence for the time he was incarcerated prior to his sentencing in that case (Case Number 1:94-CR-23-02-ODE). (Resp'ts' Ex. 1, p. 6.) Thus, Mays has received all of the credit against his current federal sentence that he is entitled to, and he is not entitled to any additional credit against this sentence, for so doing would result in him receiving "double credit." See 18 U.S.C.A. § 3585(b).

4

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Mays' petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _25th_ day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)